### 18306. STROUD *v.* WRAY BROTHERS.

On the trial of an action in trover where the plaintiff elects to take a money verdict for the highest proved value of the property between the time of the conversion and the trial, he is not entitled to recover interest.

DECIDED NOVEMBER 16, 1927. REHEARING DENIED DECEMBER 13, 1927.

Trover; from Greene superior court—Judge Park. May 19, 1927.

*M. C. Few,* for plaintiff. *Noel P. Park,* for defendants.

BROYLES, C. J. This was an action in trover, and upon the trial the plaintiff elected to take a money verdict for the highest proved value of the property between the time of the conversion and the time of the trial. The jury returned a verdict for "$106.20 principal, and $36.20 interest." It is well settled by numerous decisions

---

Trover and Conversion, 38 Cyc. p. 2090, n. 52; p. 2096, n. 65.

of the Supreme Court and of this court that in such a case the plaintiff is not entitled to recover interest. In the instant case it appearing that the plaintiff, after the return of the verdict, insisted that he was entitled to the full amount of the verdict, the court properly granted the defendant a new trial on the ground that the plaintiff was not entitled to recover any interest. The grant of a new trial was based also on two other grounds as set forth in the order of the trial court. However, under all the facts of the case and the law applicable thereto, the court erred in granting a new trial on the two additional grounds. Therefore, under the broad authority vested in this court, and for the purpose of terminating this litigation which began in 1922, the judgment granting a new trial is affirmed with direction that when the remittitur from this court is made the judgment of the trial court the plaintiff be allowed to write off from the verdict the amount found for interest, and that final judgment be entered in favor of the plaintiff for $106.20, and that the judgment granting a new trial be vacated. The costs of bringing the case to this court are taxed against the plaintiff in error.

*Judgment affirmed, with direction. Luke and Bloodworth, JJ., concur.*